UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     NOT FOR PUBLICATION
FRANCISCO TORRES,

                         Plaintiff,
  -against-                                  MEMORANDUM
                                                      AND ORDER
THE CITY OF NEW YORK; JACK ELIE,          13-CV-7091 (ARR) (RER)
Administrator, Operator(s) of the BROOKLYN
ADULT CARE CENTER,

                        Defendants.
------------------------------------------------------------X
ROSS, United States District Judge:

On December 11, 2013, plaintiff Francisco Torres, appearing pro se, filed this action against defendants alleging violations of his civil rights, violations of the Americans with Disabilities Act, violations of Section 504 of the Rehabilitation Act of 1974, and breach of contract. The court grants plaintiff's request to proceed in forma pauperis. The complaint is dismissed in part as set forth below.

## BACKGROUND

Plaintiff, who is disabled, alleges that he entered into a contract to reside at the Brooklyn Adult Care Center ("BACC"), an assisted living facility. Compl., Ex. A, ECF 12-13.[1]

---

[1] As the complaint is not paginated or otherwise consistently numbered, the Court refers to the page numbers assigned by the Electronic Case Filing system ("ECF")

Plaintiff further alleges that defendant Jack Elie ("Elie"), the Administrator at the BACC, has denied him the use of his wheelchair "inside the dining room or any part of the building," although another resident was allowed to use his wheelchair in the dining room and elsewhere. Compl., ECF 2. Plaintiff alleges that the differential treatment afforded to the other resident was based on his race. Id. Plaintiff further alleges that Elie has interfered with his medical treatment and with access to his medical equipment. Id., ECF 2. Plaintiff argues that defendants have discriminated against him based on his disability and violated his constitutional rights. He also argues that defendants have breached the contract they entered into with plaintiff upon his admission to BACC.

## STANDARD OF REVIEW

To survive the pleading stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the court is required to dismiss a complaint, filed in forma pauperis, if it "(i) is frivolous or

malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### § 1983 Claims against Defendants BACC and Elie

Suing under 42 U.S.C. § 1983, plaintiff claims that defendants' actions violated a number of his constitutional rights. As private parties,[2] BACC and Elie can be held liable for violations of federal constitutional rights under § 1983 only if they were acting "under color of state law." Nicholas v. Goord, 430 F.3d 652, 656 & n.7 (2d Cir. 2005) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Fries v. Barnes, 618 F.2d 988, 990-91 (2d Cir. 1980)); Hood v. Brookhaven Nat'l Lab, 659 F. Supp. 2d 382, 392 (E.D.N.Y. 2009); Schiappa v. Brookhaven Sci. Assocs., LLC, 403 F. Supp. 2d 230 (E.D.N.Y. 2005). Because there are no allegations in the complaint that either BACC or Elie acted "under color of state law" or that there was any relationship between the State and BACC or Elie, the § 1983 claims against those defendants must be dismissed.

### Claims against the City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691-922 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to

---

[2] The court takes judicial notice of the fact that the BACC is a privately-run assisted living facility. See GEFEN Senior Care Group, Assisted Living, Brooklyn Adult Care Center, http://gefenseniorcare.com/assisted-brooklyn.php (last visited Dec. 18, 2013).

3

practically have the force of law"). Here, plaintiff does not allege any facts against the City of New York whatsoever, nor does he allege that BACC is an agency of the City of New York. There is nothing in the complaint to suggest the City is in any way responsible for the conduct of BACC or Elie. Therefore, plaintiff has not made the required showing to confer Monell liability on the City of New York. What is more, he has not alleged any conduct by the City whatsoever, and the claims against this defendant are therefore dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## §§ 1985, 1986 and 1987 Claims against All Defendants

As regards plaintiff's reference to 42 U.S.C. § 1985, a conspiracy to deprive him of his constitutional rights, the claim is dismissed as to all defendants. Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. See Brito v. Arthur, 403 F. App'x 620, 621 (2d Cir. 2010) (summary order). Claims of conspiracy that are "conclusory, vague, or general" and provide no basis in fact must be dismissed. Id. (quoting Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam)); Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003). What is more, even had plaintiff pleaded any facts suggesting a conspiracy between BACC and Elie, such claims would be barred by the intra-corporate conspiracy doctrine because, according to the complaint, they were part of the same organization and could not conspire with one another. See Hooda, 659 F. Supp. 2d at 392; Linder v. City of N.Y., 263 F. Supp. 2d 585, 591 (E.D.N.Y. 2003) (citing Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978)).

Moreover, since plaintiff's § 1985 conspiracy claim fails, his § 1986 claim also fails. See Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996) ("[A] § 1986 claim is contingent on a valid § 1985 claim."); Wang v. Office of Prof'l Med. Conduct, 228 F. App'x 17, 19 (2d Cir. 2007);

4

Linder, 263 F. Supp. 2d at 591 (stating valid § 1985 claim is a "prerequisite"). Accordingly, that claim must also be dismissed against all defendants.

Plaintiff also lists 42 U.S.C. § 1988 as a basis for his claims. Section 1988 provides no independent cause of action and is inapplicable to this action. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate, or with state law. 42 U.S.C. § 1988(a). Sections (b) and (c), respectively, provide for a prevailing party to seek reasonable attorney fees in certain cases and for reimbursement of any fees paid to an expert as part of the attorney fees, 42 U.S.C. § 1988(b) & (c). However, even had plaintiff's complaint presented a viable civil rights claim, "a pro se litigant who is not a lawyer is not entitled to attorney's fees" under § 1988. See Kay v. Ehrler, 499 U.S. 432, 435 (1991).

## CONCLUSION

Accordingly, the complaint, filed in forma pauperis, is dismissed as to the City of New York pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this defendant. Plaintiff's claims arising under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against all defendants are also dismissed.

The complaint shall proceed as to Jack Elie and the Brooklyn Adult Care Center based on plaintiff's disability discrimination claims and his pendant state-law breach of contract claim. The Clerk of Court shall issue a summons against these defendants and the United States Marshals Service shall serve the summons, complaint and a copy of this order upon these defendants without prepayment of fees. This case is referred to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
December 18, 2013